W. H. Alston v. The Northwestern Live Stock Insurance Company, of Des Moines, Iowa.

No. 375.

1. Insurance, *Live Stock—Notice of Sickness—Material Condition*. The policy issued by the defendant in error upon the plaintiff's horse contained the following provision: "And he shall in every case at once notify this company, at the home office in Des Moines, Iowa, by telegram, of the fact of such sickness or accident; otherwise this policy shall be void." It is admitted that the notice was not given, although the horse was sick about nine days before it died. *Held*, That the condition was made a material one by insertion in the policy, and the failure to give the notice rendered the policy void.

2. ——— *Furnishing Blanks for Proofs, not Waiver of Notice.* After the death of the horse, upon application of the plaintiff, the company furnished blanks upon which to make proof of loss, and in the letter transmitting them is this statement: "The company has no information upon the subject except your statement, nor has it any information with reference to the other facts and circumstances attending the death of this horse." Proofs of loss were then made out and forwarded to the company, upon receipt of which they disclaimed liability on account of not having received notice as required by the policy. *Held*, That furnishing blanks for proof of loss was not a waiver of the condition providing for notice.

Error from Shawnee district court; Z. T. Hazen, judge. Opinion filed July 8, 1898. Affirmed.

*Garver & Larimer*, for plaintiff in error.

*Rossington, Smith & Dallas*, and *Samuel Barnum*, for defendant in error.

The opinion of the court was delivered by

Mahan, P. J.: The plaintiff sued the defendant upon a policy of insurance issued by the defendant upon a horse, by which the plaintiff was insured against damage by reason of the death of or accident

to the horse. The fourth clause of the policy is as follows :

"That the said insured has agreed and is required to use all due diligence, precaution and care in the use and for the safety, health and preservation of said live stock, and in case of sickness or accident agrees to promptly summon to his aid the best veterinary surgeon to be had in the vicinity, or, if none can be had, to otherwise provide the best available care and attention ; and he shall in every case at once notify this company, at the home office in Des Moines, Iowa, by telegram, of the fact of such sickness or accident; otherwise this policy shall be void."

The answer of the defendant sets out this provision, and alleges, as is admitted, that no notice of the sickness of the horse was given as required thereby, and that by reason of the failure of the insured to give notice as required by this provision the policy became void. The horse was sick several days. The plaintiff, to avoid the effect of this provision of the policy as to giving of notice, alleges that after the death of the horse he wrote to the company advising them thereof and requested that a blank proof of loss be sent to him ; that he received the proof of loss, accompanied by a letter as follows :

"DES MOINES, IOWA, November 22, 1894.
"W. H. Alston, Esq., Topeka, Kan. : DEAR SIR— Yours of the 20th instant is at hand. In view of your statement that the horse died upon the 15th instant, the day before the policy was canceled, I herewith hand you proofs of loss as requested by you. The company has no information upon the subject except your statement, nor has it any information with reference to the other facts and circumstances attending the death of this horse. Yours very truly,
E. D. KAUFFMAN, Secretary."

The plaintiff alleges that he then made out proofs

of loss and forwarded them to the company, and received another letter from the secretary of the company, dated November 26, which is as follows:

"DES MOINES, IOWA, November 26, 1894.

"*W. H. Alston, Esq.*, *Topeka, Kan.*: DEAR SIR—We are in receipt of your letter of the 24th instant, enclosing proofs of loss. The fact is disclosed therein that the horse was taken sick on the 9th day of November, and lingered until the 15th before death occurred. Your policy requires that, in the event of such sickness or accident to the animal described therein, immediate notice of such sickness or accident must be given this company at its home office. No such notice was given, and no notice was received until notice of death. There is, therefore, no liability on the part of this company on account of the said policy, and we must decline to pay you anything thereon.      Yours very truly,

E. D. KAUFFMAN, *Secretary.*"

Counsel for plaintiff in error, in their brief, ask, (1) Under the undisputed evidence in behalf of the plaintiff, was the policy avoided by reason of the fact that a telegram was not sent by the plaintiff to the defendant notifying it of the sickness of the horse before the animal died? (2) Did the defendant, by its conduct after the notice of loss, waive the forfeiture of the policy, if there was a forfeiture?

There is no question but that, under the terms of this clause in the policy, it was the duty of the plaintiff in any event to notify the company of the sickness of the animal. It was expressly provided that in case of a failure to do so the policy should become void absolutely. There is no room for construction or interpretation. The provision is clear and emphatic. It is immaterial whether the receipt of the notice would have been of advantage to the company. The contract provided that a forfeiture should follow a fail-

ure, and it became a material matter, and the plaintiff is bound thereby. There is nothing in the conduct of the defendant company after having received notice of the death that can be held to be a waiver of the forfeiture. It appears from the record that the company returned the premium. The facts sustain the judgment of the district court and its judgment must be affirmed.